UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RAYMOND HOLMES AND COLLEEN HOLMES                             PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:07cv680-LTS-RHW

MERITPLAN INSURANCE COMPANY                                    DEFENDANT

## ORDER

Defendant Meritplan Insurance Company (Meritplan) has filed three [44] [45] [48] motions *in limine* ([48] amends [45]). The common characteristics of each are the Plaintiffs' receipt of payments from other sources and the effect those payments have on their ability to recover damages from Meritplan at trial. These same issues have been addressed in other Hurricane Katrina cases.

Meritplan's [44] motion is aimed at "enforcing" a judicial admission arising from Plaintiffs' acceptance of flood insurance benefits ($160,000 for the structure, $19,100 for contents). Plaintiffs do not seriously challenge this position, but point out that the Court has ruled that the acceptance of flood insurance proceeds does not bar a subsequent claim for coverage under a different policy and merely acts as an offset to the insured's total loss in order to prevent a double recovery. *See, e.g., Tejedor v. State Farm Fire and Casualty Co.*, No. 1:05cv679 (cited on the Court's website for introducing the proposition that the "actual loss is the maximum recovery [an insured] may receive from all applicable policies of insurance for both . . . dwelling and personal property").

Consistent with previous rulings, *see, e.g., Dickinson v. Nationwide Mutual Fire Insurance Co.*, No. 1:06cv198, Plaintiffs are estopped from denying that their insured property experienced damage to some extent from the effects of storm surge flooding at least in the amount of flood benefits that have been paid. This estoppel is based on the Plaintiffs' receipt of flood insurance benefits which constitutes an admission that some of the damage to their home was caused by flooding. The fact of this acceptance will be addressed at trial and in the instructions to the jury. *See, e.g., Gemmill v. State Farm Fire and Casualty Co.*, No. 1:05cv692; *Aiken v. USAA Casualty Insurance Co.*, No 1:06cv741 (the jury instructions for these cases are also posted on the Court's website). To this extent, Meritplan's point is well taken and the [44] motion will be granted.

With respect to the [45] Motion for a Credit for Flood Insurance Proceeds Paid to the Plaintiffs (amended by [48] to add a request for credit for grant proceeds Plaintiffs received from the Mississippi Development Authority (MDA)), Meritplan overlooks this Court's decision in *Dickinson, supra* (which is also found on the Court's website of Hurricane Katrina related orders

and opinions).  While the Court accepted Nationwide's position in that case that the "grant itself is an admission by the plaintiffs that their dwelling sustained flood damage and that the destruction of the property was not *solely* caused by the peril of windstorm" (emphasis in original), it rejected the notion that an insurance company's obligations under its homeowners policy are offset or reduced by the amount of the MDA grant, and explicitly held that the grant does not reduce the Plaintiffs' total loss in the same way as a flood insurance recovery.

The Court in *Dickinson* went on to describe the effect of the Plaintiffs' having applied for and accepted the MDA grant.  The award and receipt of the grant is a matter between Plaintiffs and MDA, which may be affected by any damages Plaintiffs may receive in this cause of action.  However, except for the fact that Plaintiffs, as part of the grant process, may have admitted that their dwelling sustained flood damage, any other element of the MDA grant process is not admissible as evidence.  The probative value of such evidence is substantially outweighed by confusion of the issues or misleading the jury.  Fed. R. Evid. 403.

A judicial admission is one thing; a credit is entirely different.  Once again, as discussed *supra*, the key elements are Plaintiffs' total loss and the specific peril(s) to which that loss is attributable .

Accordingly, **IT IS ORDERED**:

Meritplan's [44] Motion *in limine* to Enforce Judicial Admission of Flood Damage is **GRANTED**, consistent with the comments above;

Meritplan's [45] Motion for a Credit for Flood Insurance Proceeds Paid to the Plaintiffs is **DENIED**, consistent with the comments above;

Meritplan's [48] Motion for a Credit for Flood Insurance and Other Proceeds Paid to the Plaintiffs is **DENIED**.

**SO ORDERED** this the 16th day of October , 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE